UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:15-CR-107 |
| | ) | |
| GLENN M. TEGELER | ) | |

## **MEMORANDUM AND ORDER**

This criminal case is before the Court on the defendant's *pro se* motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). [Doc. 1327]. The United States has responded in opposition to the motion [docs. 1332, 1336] and the defendant has submitted a reply. [Doc. 1340]. For the reasons provided below, the motion will be denied.

### I. BACKGROUND

In April 2016, the Honorable Thomas W. Phillips sentenced the defendant to an 87-month term of imprisonment for his role in methamphetamine and money laundering conspiracies. The defendant is presently housed at FCI Morgantown with a scheduled release date of September 29, 2021. *See* Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited Sept. 25, 2020). The defendant now moves for immediate compassionate release due to the COVID-19 pandemic, high cholesterol, and an unspecified heart problem. [Doc. 1327].[1]

---

[1] In a request for administrative remedy addressed to the Bureau of Prisons ("BOP"), the defendant also mentioned obesity, high blood pressure, and pre-diabetic status. [Doc. 1340].

## II. COMPASSIONATE RELEASE

Section 3582(c)(1)(A)(i) of Title 18, United States Code, allows district courts to consider prisoner motions for sentence reduction upon a finding of "extraordinary and compelling reasons." That statute, as amended by the First Step Act of 2018, provides in relevant part:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> > (i) extraordinary and compelling reasons warrant such a reduction ... and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission....

18 U.S.C. § 3582(c)(1)(A). Prior to the First Step Act, a motion for compassionate release could only be brought by the BOP Director, not a defendant. *See* 18 U.S.C. § 3582(c)(1)(A) (2017). The First Step Act amended § 3582(c)(1)(A) to allow a defendant to file a motion for compassionate release after first asking the BOP to file such a motion on his behalf. *See, e.g., United States v. Alam*, 960 F.3d 831, 832 (6th Cir. 2020). Beyond this change, the statute still applies the same requirements to a defendant's motion for compassionate release as previously applied to motions by the BOP Director. *See, e.g.*, *United States v. Beck*, 425 F. Supp. 3d 573, 578-79 (M.D.N.C. 2019).

The United States Sentencing Commission has promulgated a policy statement regarding compassionate release under § 3582(c), which is found at U.S.S.G. § 1B1.13 and

the accompanying application notes. *See United States v. McGraw*, No. 2:02-cr-00018-LJM-CMM, 2019 WL 2059488, at *3 (S.D. Ind. May 9, 2019). While that particular policy statement has not yet been updated to reflect that defendants (and not just the BOP) may move for compassionate release, courts have universally turned to U.S.S.G. § 1B1.13 to provide guidance on the "extraordinary and compelling reasons" that may warrant a sentence reduction. *Id*. at *2 (citations omitted). Moreover, the Court has no reason to believe that the identity of the movant (either the defendant or the BOP) should have any impact on the factors the Court should consider. *See id*. (concluding likewise).

As provided in § 1B1.13, consistent with the statutory directive in § 3582(c)(1)(A)(i), the compassionate release analysis requires several findings. First, the Court must address whether "[e]xtraordinary and compelling reasons warrant the reduction" and whether the reduction is otherwise "consistent with this policy statement." U.S.S.G. § 1B1.13(1)(A), (3). Second, the Court must determine whether a movant is "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2). Finally, the Court must consider the § 3553(a) factors, "to the extent they are applicable." U.S.S.G. § 1B1.13.

**A. Exhaustion**

The defendant has previously submitted a request for compassionate release to the BOP, and more than 30 days have passed since that request was received by the warden. [Doc. 1340]. The Court thus has authority under § 3582(c)(1)(A) to address the instant motion. *See Alam*, 960 F.3d at 832.

3

B. **Merits**

Regarding a movant's threshold burden of demonstrating the existence of extraordinary and compelling reasons warranting compassionate release, the Application Notes to guideline 1B1.13 provide in material part:

> 1. Extraordinary and Compelling Reasons.— ... [E]xtraordinary and compelling reasons exist under any of the circumstances set forth below:
>
> (A) Medical Condition of the Defendant.—
>
> (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>
> (ii) The defendant is—
>
> > (I) suffering from a serious physical or medical condition,
> >
> > (II) suffering from a serious functional or cognitive impairment, or
> >
> > (III) experiencing deteriorating physical or mental health because of the aging process,
>
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. § 1B1.13 cmt. n.1(A).

The Court construes the defendant's motion as relying on subsection (A)(ii)(I). As extraordinary and compelling reasons, the defendant cites the COVID-19 pandemic, high blood pressure, high cholesterol, an unspecified heart problem, and his pre-diabetic status.

The COVID-19 pandemic cannot alone justify compassionate release. *See, e.g., United States v. Shah*, No. 16-20457, 2020 WL 1934930, at *2 (E.D. Mich. April 22, 2020)

4

("[S]peculation as to whether COVID-19 will spread through Defendant's detention facility . . . , whether Defendant will contract COVID-19, and whether he will develop serious complications, does not justify the extreme remedy of compassionate release."); *see also United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release[.]"). Additionally, only two inmates at the defendant's prison have currently tested positive for the virus, with no fatalities and two staff members having recovered. *See* Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited Sept. 25, 2020). These relatively low numbers indicate that the preventative measures cited by the United States in its response are indeed having a positive impact.

The defendant has not submitted any documentation to support the existence of his purported health problems. The United States, however, has filed six pages of BOP medical records. [Doc. 1336]. Those documents confirm that the defendant is obese, has high cholesterol (for which he is medicated), and is pre-diabetic. The medical records do not confirm the defendant's claims of high blood pressure or heart problems, although the defendant takes one aspirin per day for unspecified chest pain.

Obese persons are currently considered to be at increased risk of serious illness from COVID-19. *See* People with Certain Medical Conditions, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Sept. 25, 2020). However, the record before the Court contains no evidence that the defendant's documented conditions impact his functioning at this time. At a July 1, 2020 appointment, he "[a]ppear[ed] well." [Doc. 1366]. Additionally, the BOP

categorizes him as Care Level 1. "Care Level 1 inmates are less than 70 years of age and are generally healthy. They may have limited medical needs that can be easily managed by clinician evaluations every 6 to 12 months. *See* http://www.bop.gov/resources/pdfs/care_level_classification_guide.pdf (last visited Sept. 25, 2020). Further, as noted, COVID-19 is currently under control at the defendant's facility.

On the record before it, the Court concludes that the defendant's cited medical conditions are not of the severity contemplated by guideline 1B1.13's policy statement. *See, e.g., United States v. Peaks*, No. 16-20460, 2020 WL 2214231, at *2 (E.D. Mich. May 7, 2020) (medically managed serious health conditions, paired with a generalized fear of COVID-19, fell short of "extraordinary and compelling reasons" justifying compassionate release). Therefore, the Court finds that the defendant is not presently suffering from a "serious physical or medical condition … that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover."

### III. CONCLUSION

As provided herein, the defendant's motion for compassionate release [doc. 1327] is **DENIED**.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge